## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| RONALD JAMES RYAN & | ) | Case No. 03-04278-TLM |
| LOTTE SUE RYAN, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| KAREN RASMUSSEN, | ) | MEMORANDUM OF DECISION |
| individually and dba | ) | (MOTION TO REOPEN) |
| SATELLITE CONNECTIONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Case No. 04-6007-TLM |
| | ) | |
| RON RYAN & LOTTIE RYAN, | ) | |
| individually and dba | ) | |
| A-1 SATELLITE SERVICES | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

The Court concluded a trial in this adversary proceeding on February 10, 2006. The parties rested, the evidence was closed, and the Court took the matter under advisement subject only to written closing arguments. Adv. Doc. Nos. 58, 59.

**MEMORANDUM OF DECISION (MOTION TO REOPEN) - 1**

Ronald and Lotte Ryan ("Defendants") filed a motion on March 3, 2006, "to reopen the evidentiary record." *See* Adv. Doc. No. 63 ("Motion"). The Motion is advanced under Fed. R. Bankr. P. 9023 and Fed. R. Civ. P. 59 incorporated thereby. Defendants ask the Court to reopen the evidentiary record in order to submit certain state court documents related to a nonparty witness, April Buis Hamilton.

Karen Rasmussen ("Plaintiff") not only objects to the Motion, but asks the Court to issue an order to show cause why sanctions should not be imposed against Defendants' counsel. *See* Adv. Doc. No. 65; *see also* Fed. R. Bankr. P. 9011(c)(1)(B).

Defendants have noticed the Motion for hearing on March 20, 2006. Adv. Doc. No. 71. They sought no leave of this Court to do so.

The Motion is committed to the Court's discretion. The Court finds and concludes the arguments of the parties are sufficiently and adequately presented in their written submissions, and conclusively determines oral argument would be of no assistance or value to the Court. The hearing of March 20, 2006 will therefore be vacated and stricken. The Court by this Decision resolves the Motion and the issues raised by Plaintiff in response.

**BACKGROUND AND FACTS**

This Motion is the latest salvo in several pitched battles between the parties

**MEMORANDUM OF DECISION (MOTION TO REOPEN) - 2**

over many years. They recently completed a 2-day trial in which several witnesses were examined at length and dozens of exhibits admitted. Numerous skirmishes were fought in the main bankruptcy case, No. 03-4278-TLM, and yet others in the state court system. The Motion provides yet another opportunity for the litigants to attack each other and each other's counsel.

Defendants wish to reopen the evidentiary record in order to introduce certain criminal documents filed against or concerning Hamilton. *See* Adv. Doc. No. 64 at internal Exs. A, B. Hamilton was a witness at trial, and a former bookkeeper for Plaintiff's and Defendants' businesses.

According to Defendants, the criminal documents show Hamilton was charged, convicted and sentenced in Idaho state court for grand theft, in violation of Idaho Code §§ 18-2403(1), 18-2407(1)(b). Based on her testimony at trial, Hamilton stole money from an account on which Ronald Ryan was a signatory. The criminal complaint is to be offered to establish that Hamilton engaged in this conduct between May, 2001 and January, 2002. Defendants' believe this additional detail is important.

On April 17, 2001, Hamilton had signed an affidavit in connection with a state court lawsuit between these same parties. Ex. D. The affidavit was favorable to the Defendants. But at trial in the instant adversary proceeding, Hamilton testified, on behalf of Plaintiff, that she made false statements in the

**MEMORANDUM OF DECISION (MOTION TO REOPEN) - 3**

state court affidavit to stay on favorable terms with Defendants and, in part, to help conceal the fact she was stealing money.

Defendants argue that since Hamilton signed her affidavit on April 17, 2001, but did not, according to the criminal documents, commit grand theft until May, 2001, her asserted reasons for making false statements in the affidavit do not jibe. Defendants contend that, if Hamilton did not commit any theft until May, she had nothing to cover up in April.[1] Defendants feel this warrants reopening the record to introduce the "new evidence." Plaintiff objects on several grounds.

**DISCUSSION AND DISPOSITION**

**A. Motion to reopen**

Federal Rule of Civil Procedure 59(a) allows the Court in a non-jury action to order a new trial for any of the reasons for which rehearings have traditionally been granted, including that of "newly discovered evidence." *See, e.g., Krommenhoek v. Covino (In re Covino)*, 241 B.R. 673, 679, 99.4 I.B.C.R. 138, 141 (Bankr. D. Idaho 1999). The rule is silent about motions to reopen the record before a decision is made and a judgment entered. However, the Court will review this Motion under the standards generally applicable to Fed. R. Civ. P. 59 requests urging relief based on "newly discovered evidence."

---

[1] Defendants' argument requires an assumption that because charges were brought for conduct between May, 2001 and January, 2002, there was no similar pre-May, 2001 conduct. The documents do not establish this assumption is fact.

**MEMORANDUM OF DECISION (MOTION TO REOPEN) - 4**

Movants must satisfy three elements: (1) the newly discovered evidence must have been discovered after judgment (here, in effect, after trial), and the movant must have been excusably ignorant of such evidence at the time of trial despite due diligence to learn about the facts of the case; (2) the evidence discovered must be of a nature that would probably change the outcome of the case; and (3) the evidence must not be merely cumulative or impeaching. *Id*. (citing 12 Moore's Federal Practice (1998 3rd ed.) at § 59.13[2][d][ii]-[vii]); *see also Jones v. Aero/Chem. Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (similar test).

### 1. First element

Defendants claim they "could not have anticipated before trial that Plaintiff's key witness would discredit her affidavit favoring Defendants by suggesting that her criminal activities had begun before she signed her affidavit." Adv. Doc. No. 63 at 2.

As this Court stated in *Covino*:

> That the specifics of. . . potential testimony might not have been known to [Defendants] at trial is not the test. The question is whether or not that evidence was available to [Defendants] through exercise of due diligence.
>
> . . .
>
> That the Defendants would now like to more thoroughly vet this issue and present what they believe might be more compelling testimony or the alleged contract of sale does not make the evidence "newly discovered" or make the Defendants' alleged ignorance of the evidence "excusable" within in the contemplation of the rule.

**MEMORANDUM OF DECISION (MOTION TO REOPEN) - 5**

*Id*. at 680. The same problem, and result, applies here.

The criminal documents have been part of the public record since 2002. Plaintiff made no secret that Hamilton would be a witness and was prepared to testify for Plaintiff. Defendants knew Hamilton had sent a letter to a state court judge indicating she was prepared to testify adversely to Defendants in the state court action. *See* Ex. 100. Defendants had to appreciate Hamilton's prior favorable affidavit testimony would be an issue in this adversary. If Plaintiff didn't preemptively raise the fact, Defendants likely would have (and, in fact did) in order to attack Hamilton's credibility. While Defendants may not have known precisely how Hamilton would testify, or how they might want to impeach her, they were aware, or through due diligence would have been aware, of the details of her theft conviction and the surrounding circumstances and documents. It would not be unreasonable for Defendants to prepare and hold in reserve documents from the state court civil suit and criminal matters as potential rebuttal exhibits depending on what testimony was elicited from Hamilton on the stand.

If Defendants were "surprised" by Hamilton's testimonial reasoning for having previously provided a false affidavit favoring Defendants, a request could have been made by Defendants, before they rested and before the closing of the evidence, for a continuance in order to present rebuttal evidence. Defendants did not do so.

**MEMORANDUM OF DECISION (MOTION TO REOPEN) - 6**

The suggested evidence was known to Defendants or obtainable with exercise of due diligence. The Court finds the first element of the test is not met.

### 2. Second element

The Court also disagrees this "new evidence" is so compelling it would probably affect the outcome of the case. (It appreciates fully the irony of needing to address such an issue before having resolved the case.) Hamilton is a convicted embezzler. She also testified in open court to having given prior false testimony in an affidavit. Defendants, in effect, argue that Hamilton is now lying about the reason she previously lied. There is nothing suggesting to the Court that this is a particularly critical, or outcome determinative, point. The second element of the test is not met.

### 3. Third element

Finally, the criminal documents are clearly designed to impeach Hamilton's testimony and credibility. Defendants already attempted at trial, in several different ways, to do just that. *Covino* notes the third element of the Rule 59(a) test is that the (allegedly) newly discovered evidence "must not be merely cumulative or impeaching." 241 B.R. at 679. This suggested evidence is both.

The Motion will therefore be denied.

### B.     Bankruptcy Rule 9011 sanctions

Plaintiff's response and objection to the Motion raises issues and

**MEMORANDUM OF DECISION (MOTION TO REOPEN) - 7**

suggestions regarding Fed. R. Bankr. P. 9011. Subpart (c) of that Rule gives the Court power, after notice and a reasonable opportunity to respond, to sanction attorneys, law firms, or parties who present motions for any "improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *See* Fed. R. Bankr. P. 9011(b)(1). A party's motion for sanctions must be made separate from other motions. Fed. R. Bankr. P. 9011(c)(1)(A); *In re Erkins*, 00.4 I.B.C.R. 171, 173 (Bankr. D. Idaho 2000). And a "safe harbor" provision requires the motion first be served on the subject party, who then has 21 days to correct or withdraw the challenged paper, allegation or contention. Fed. R. Bankr. P. 9011(c)(1)(A). If the subject party takes no action, then the movant may file the motion with the court.

The Rule also allows the Court, *on its own initiative*, to enter an order directing an attorney to show cause why it has not violated Fed. R. Bankr. P. 9011(b). Fed. R. Bankr. P. 9011(c)(1)(B); *Erkins*, 00.4 I.B.C.R. at 173 n.7. (emphasis added).

Plaintiff spends more than four pages of its response to the Motion outlining why Defendants' counsel should be sanctioned by the Court. Adv. Doc. No. 65 at 10-14. Plaintiff claimed to be separately serving Defendants' attorney with a motion for sanctions in accordance with Fed. R. Bankr. P. 9011(c)(1)(A). The Court need not address a litigant's Fed. R. Bankr. P. 9011 claim before it is

**MEMORANDUM OF DECISION (MOTION TO REOPEN) - 8**

properly before the Court. This one is not.

Plaintiff also presumes to remind the Court of its *sua sponte* powers under Fed. R. Bankr. P. 9011(c)(1)(B). The Court is well aware of its ability to sanction attorneys on its own initiative, and does not require cues or prompting from litigants or their counsel. The Court also can, and does, make its own judgments as to whether exercise of its powers are warranted.

The Court has reviewed the record. It concludes that, while the Motion was not well taken or persuasively advanced, the signing and filing of the Motion does not justify *the Court's* initiation of Fed. R. Bankr. P. 9011 processes. (emphasis added).[2] Accordingly, Plaintiff's suggestion that the Court issue an order to show cause to Defendants' counsel will be denied.

## CONCLUSION

Upon evaluating the written arguments of the parties and related authority, Defendants' Motion to reopen the evidentiary record will be denied. Plaintiff's motion or request that the Court issue orders under Fed. R. Bankr. P. 9011(c)(1)(B) will also be denied. The hearing scheduled for March 20, 2006 (Adv. Doc. No. 71) will be vacated. An appropriate order will issue.

---

[2] The Court addresses only Fed. R. Bankr. P. 9011(c)(1)(B). It does not address Plaintiff's alleged motion, and would not unless properly presented.

**MEMORANDUM OF DECISION (MOTION TO REOPEN) - 9**

DATED: March 15, 2006



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

**MEMORANDUM OF DECISION (MOTION TO REOPEN) - 10**